UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Kimberly Dillion,

           Plaintiff

  v.

Southern Nevada Health District,

           Defendant

Case No. 2:22-cv-01962-CDS-BNW

**Order Granting Motion to Compel Arbitration and Motion to Stay Case**

[ECF Nos. 9, 15]

      Kimberly Dillion brings this employment-discrimination lawsuit against the Southern Nevada Health District (SNHD), where she worked from 2017 to 2021. ECF No. 1. SNHD moves to compel arbitration, arguing that the parties are bound by an arbitration agreement and urging that this dispute must therefore be resolved in arbitration, rather than through the courts. ECF No. 9. Dillion sought an extension to respond to SNHD's motion, which I granted, extending the response deadline to April 6, 2023. ECF Nos. 12, 13. The parties recently participated in settlement negotiations, but an agreement was not reached. ECF No. 14. Dillion now moves to stay the case, which I construe as a response to SNHD's motion to compel arbitration. ECF No. 15. The deadline for SNHD to file its reply to Dillion's motion to stay/response has not yet passed, but nonetheless, I issue this order now in the interest of justice. *See* Fed. R. Civ. P. 1 (indicating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding").

      Based on SNHD's motion to compel arbitration and Dillion's motion to stay the case, it appears that the parties concur that this case should be stayed, pending their participation in binding arbitration. *Compare* ECF No. 9 (urging that "this [c]ourt should compel [Dillion] to

arbitration and to stay this action pending resolution of the same") *with* ECF No. 15 (stating that Dillion "is satisfied that the issues asserted in her case are arbitrable under the written agreement" and requesting "that the [c]ourt enter a stay in the above action until the completion of the arbitration").[1] "There is generally a 'liberal federal policy favoring arbitration agreements.'" *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Because of this policy and the parties' apparent agreement that this dispute should be resolved in arbitration, I grant SNHD's motion to compel arbitration and grant Dillion's motion to stay this case.

## Conclusion

IT IS THEREFORE ORDERED that SNHD's motion to compel arbitration **[ECF No. 9] is GRANTED**.

IT IS FURTHER ORDERED that Dillion's motion to stay the case **[ECF No. 15] is GRANTED**. The Clerk of Court is directed to STAY THIS CASE pending its resolution in arbitration. The parties are directed to file a status report with the court within 10 days of the conclusion of arbitration, updating the court as to whether—and how—this case will proceed or, alternatively, indicating that it needs to be closed.

DATED: April 10, 2023

_____
Cristina D. Silva
United States District Judge

---

[1] The only potential point of disagreement between the parties involves the costs of arbitration. In her motion to stay, Dillion indicates that "the written arbitration agreement is silent about the payment of the costs," and that she "cannot afford to pay the costs of the arbitration." ECF No. 15 at 2. She notes that SNHD "is aware of this issue and has indicated a willingness to work with [her] in good faith to ensure arbitration is affordable." *Id.* To the extent that SNHD wishes to respond to this point, it may file a reply brief in support of its motion to compel by April 20, 2023. However, it appears that this issue has already been discussed between the parties and can ultimately be resolved through the arbitration process.